# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3926

_____

| | | |
|---|---|---|
| Barker Sanitation, an Iowa Corporation, | * * * | |
| Plaintiff-Appellant, | * * | |
| v. | * * | Appeal from the United States |
| City of Nebraska City, Nebraska, | * * * | District Court for the District of Nebraska. |
| Defendant-Appellee, | * * | |
| v. | * * | [UNPUBLISHED] |
| Waste Connections of Nebraska, Inc., | * * * | |
| Intervenor Defendant-Appellee. | * * | |

_____

Submitted: June 17, 2004
Filed: June 25, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Following an open request for proposals in which three out-of-state solid waste disposal entities submitted bids, the City of Nebraska City adopted an ordinance granting Waste Connections of Nebraska, Inc. an exclusive franchise to collect the

solid waste within the City's limits. In conjunction with the ordinance, the City entered into a franchise agreement with Waste Connections. Later, Barker Sanitation, an Iowa corporation engaged in the business of refuse collection services, began serving waste collection customers in the City in violation of the ordinance. The City issued a cease and desist letter to Barker Sanitation, and Barker Sanitation appealed to the City Council, which decided to enforce the ordinance. In response, Barker Sanitation brought this civil rights action against the City asserting its adoption of the ordinance granting the exclusive franchise to Waste Connections violated the dormant Commerce Clause. Following a bench trial, the district court[*] held the City ordinance did not violate the dormant Commerce Clause.

To prevail on its dormant Commerce Clause claim, Barker Sanitation had the burden to show that the ordinance discriminates against interstate commerce on its face or in its purpose or effects, or that the burden the ordinance imposes on interstate commerce is clearly excessive in relation to the asserted local benefits. South Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 593 (8th Cir. 2003). The district court held the ordinance did not discriminate against out-of-state interests on its face, in effect, or in its purpose, and the numerous local benefits achieved were not outweighed by the incidental burdens on interstate commerce.

On appeal, Barker Sanitation contends the ordinance discriminates against interstate commerce through its purpose of economic protectionism and through its effect of preventing out-of-state companies from being able to compete for the processing of solid waste in the City. Barker Sanitation also asserts the district court erroneously found the ordinance had numerous local benefits that only incidentally burdened interstate commerce. Having carefully reviewed Barker Sanitation's arguments, the record, and the applicable law, we conclude the district court properly

---

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

analyzed the case.  Because we have nothing to add to the district court's analysis, we affirm without extended discussion.  <u>See</u> 8th Cir. R. 47B.

_____